■ STANISLAW MAZUR, Respondent, v. AGNES DILLON et al., Appellants.— Appeals from a judgment of the Supreme Court in favor of plaintiff entered in Albany County upon a verdict rendered at a Trial Term, and from an order denying a motion by defendants-appellants to set aside the verdict and for a new trial. Plaintiff and defendant James Dillon were operating automobiles in opposite directions on a street in the city of Watervliet. As they approached an intersection, the traffic light there was green for each of them. Plaintiff turned left to enter the intersecting street and the automobiles collided. In a charge to which no exception was taken, the trial court correctly instructed the jury as to the rules governing the operation of the motor vehicles as they approached and entered the intersection. (Vehicle and Traffic Law, § 67, subd. 2; § 81, subd. 2; § 81, subd. 10; § 82-b; § 83, subd. 1.) In determining the purely factual problem presented by the evidence, the jury could properly find that plaintiff signalled his turn on observing defendant operator at such a distance from the intersection as to render that change in course prudent; and that as plaintiff commenced his turn and looked to the left so as to observe and clear a truck stopped in the intersecting street in obedience to the traffic signal, defendant operator continued at a speed in excess of that fixed by the city ordinance and when next observed by plaintiff was so close that plaintiff could not avert the collision. Plaintiff was not bound, under the circumstances, to anticipate that defendant operator would proceed at such a speed and would fail to yield the right of way which the jury might find had been established in plaintiff's favor. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.